IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOHN W. KEHOE,**

           **Plaintiff,**

    v.                       CASE NO.  06-3264-SAC

**CO I DAVID BAKER,**
**et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

This civil rights complaint was filed pursuant to 42 U.S.C. 1983 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF). Plaintiff has also filed a motion for leave to proceed without prepayment of fees. Plaintiff names 31 defendants including numerous employees at the ECF, the Lansing Correctional Facility, Lansing, Kansas (LCF), and the Kansas Department of Corrections (KDOC).

## FACTUAL ALLEGATIONS

As the factual basis for his complaint, Mr. Kehoe alleges in affidavits that he has been confined in the maximum security administrative segregation unit at ECF since April 21, 2005, "on frivolous reasons" as the result of "a conspiracy amongst prison officials to unlawfully punish (him) for illegal events orchestrated by a prison guard" on November 20, 2004, while he was confined in the minimum custody unit at LCF.

Plaintiff describes events underlying his claims as follows. He was assigned to pod #2 in his unit at LCF, which consisted of 4 pods. Prisoners were not supposed to visit in other pods, but this

rule was not enforced. On November 20, 2004, he was visiting in pod #4 when defendant Officer Ward and defendant Officer Baker questioned why he was in Pod #4. There were numerous other inmates visiting from other pods who were not singled out. Plaintiff responded calmly he was returning to his pod, but defendant Baker became hostile and aggressive, stating he was giving him a disciplinary report. Defendant Baker followed him to his cell and attacked him. Plaintiff fought back in self-defense. After back-up arrived and Mr. Kehoe was hand-cuffed, defendant Baker attacked him again. Five other officers are named who witnessed the latter attack and pulled Baker off him. Several inmates witnessed the events. Plaintiff was seen by a nurse who gave him nothing for his severe headache, and photographs were taken of his injuries. He was given a segregation report and taken to the maximum segregation unit.

On November 21, 2004, Mr. Kehoe was served with disciplinary charges for battery, and for threatening, intimidating, and avoiding an officer. On December 8, 2004, he was found not guilty of all charges by hearing officer Mrs. Cooper, whom he alleges "caught" defendant Baker in several lies under oath. He states defendant Baker was relieved of his duties shortly thereafter as a result of the incident, and defendant Ward was also fired for lying about the events and attempting to cover up.

Plaintiff complains that instead of being returned to minimum custody status, he was kept in the LCF maximum segregation unit "in retaliation for being found not guilty and exposing the reprehensible abusive misconduct of COI Baker and the lies to cover up his vicious unprovoked attacks" on plaintiff. He alleges he was

2

initially told by the investigator in his case that he was only on holdover status and would be transferred to a minimum custody facility, but later told the Warden and Secretary of Corrections had decided differently.

Plaintiff alleges that Major Baker, who was on his segregation review board and is related to defendant COI Baker, considered Mr. Kehoe guilty and stated he would "make sure" plaintiff never again sees population. Plaintiff further alleges Major Baker and Unit Team Manager Shipment, who was also on his segregation review board, stated they would have the Leavenworth County D.A. bring criminal charges against plaintiff.

Plaintiff also alleges that on April 5, 2005, while he was confined at LCF in segregation, defendants Daly and Kelly subjected him to a cell search, and that they have constantly subjected him to cells searches, harassment, and threats to "pay" for the events with their co-worker Baker. He states these officers are notorious for planting contraband in cells, that they planted tobacco in his cell, and he was put in a slam cell and given a disciplinary report as a result. He alleges a retaliatory conspiracy between defendants Daly and Kelley. He further alleges the disciplinary proceedings on this charge were without due process, and the finding of guilty was overturned on appeal. Plaintiff claims he is entitled to damages for these violations of his due process rights.

Plaintiff contends he is being subjected to confinement so severe and different from normal conditions of confinement that a liberty interest has been created. In support, he alleges he was taken from a minimum security area where he was on the highest incentive level and worked on a construction crew outside of the

3

prison with no disciplinary reports for a long period, and placed in segregation where he was harassed and subjected to abuse by officers who are Baker's friends. He alleges that monthly segregation reviews are biased shams, and inmates are only given a few minutes each to argue their cases. He states he has been advised that KDOC officials have no intention of ever releasing him from ad seg. He alleges his prison release date is June 21, 2007.

**CLAIMS**

Plaintiff asserts excessive force was used by defendant Baker in violation of his Eighth and Fourteenth Amendment rights. He also alleges his continued confinement in ad seg is atypical under Sandin and a liberty interest has been created, which was infringed. He contends his placement violated IMPP 20-105, Sec. IV, C., providing "administrative segregation shall not be used or considered as punishment." He further asserts defendants have violated his rights under the due process and equal protection clauses, the Kansas Constitution, Kansas statutes, and ECF regulations. He alleges he is suffering physically and psychologically.

Plaintiff claims all prison officials' wrongful actions were the result of "failure to properly train, supervise, and discipline staff," and amounted to a conspiracy. He additionally claims defendant Baker had "numerous encounters" with other inmates and should not have been working at LCF.

Plaintiff also alleges he made a specific request to Legal Services for Prisoners, Inc. (LSFP), for assistance in challenging his segregated confinement, but his request were denied or ignored.

4

He asserts he was entitled to legal services under the contract between the State and LSFP, and has suffered a breach of contract as a third party beneficiary.  He claims legal malpractice is "routinely perpetrated" by LSFP staff.  He also claims obstruction of justice by the LSFP defendants in violation of his First Amendment rights.

Plaintiff also claims entitlement to relief under state laws of tort, assault and battery, mistreatment of a confined person, abuse of process and malicious prosecution, fraud, and perjury.

**RELIEF REQUESTED**

Plaintiff requests the following relief: a jury trial; declaratory judgment on all issues; expungement of his prison records including monthly segregation reviews related to the false charges; his release from administrative segregation and placement back into minimum custody at a minimum facility; an order requiring LSFP attorneys to challenge administrative segregation by 60-1501 motions; an order requiring a Martinez report; a protective order against retaliation or transfer; compensatory and punitive damages and costs; an order allowing service upon the Kansas Attorney General for KDOC and LSFP defendants; and waiver of the requirement for providing copies of his pleadings for each defendant, due to his poverty.

Plaintiff seeks appointment of counsel in his request for relief.  In support of this request, he alleges lack of access in administrative segregation to the prison law library, and lack of knowledge of procedures.

5

**SCREENING**

Because Mr. Kehoe is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff has not sufficiently demonstrated exhaustion of administrative remedies.  42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."  See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court.  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.  Id.

The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions

to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. Thus, plaintiff's general statements that he has exhausted are not sufficient[1].

The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison administrative grievance procedures, or the complaint is subject to being dismissed without prejudice. In addition, he must have referred to the named defendants and described their allegedly wrongful actions in those grievances. It follows that plaintiff must provide proof of exhaustion at all levels on his claims of (1) excessive force and assault by COI Baker; (2) conspiracy by named defendants to punish him for the events involving COI Baker; (3) retaliation by named defendants for those events; (4) failure by named defendants to provide medical treatment for injuries sustained in the incident; (5) continued administrative segregation by named defendants without proper reviews, for punishment and retaliatory purposes only; (6) atypical conditions in administrative segregation; (7) failure to properly train and supervise staff by named defendants; (8) retaliatory cell searches, harassment, threats and planting of contraband by defendants Daly and Kelley; and (9) injuries arising from alleged

---

[1] Plaintiff generally states he has exhausted all his administrative remedies, and that the KDOC administrative remedies are futile because most are denied. He alleges that since the incident and the hearing he has written numerous letters and complained to many officials and that he has copies of those grievances and the responses. He also alleges his request for assistance from Legal Services for Prisoners to file a 60-1501 motion to gain his release from ad seg has been denied. These allegations are not sufficient to plead exhaustion.

unconstitutional disciplinary sanctions.

Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him on each of these claims and the responses he received, or by describing in detail the administrative process he followed and the grievances he filed together with the responses.  If plaintiff fails to adequately show exhaustion in the time provided, the complaint may be dismissed without further notice.

**PERSONAL PARTICIPATION**

In order to state a claim under 42 U.S.C. 1983, plaintiff must allege the personal participation of each named defendant in the alleged unconstitutional acts.  Plaintiff names 31 defendants in the caption, but only mentions about half of those names in the body of the complaint.  Thus, he does not describe wrongful acts taken by each and every defendant.  Moreover, some of the defendants, like Cappel, Cooper[2], and Lowe, are mentioned but the acts they are alleged to have taken do not appear to have been unconstitutional or even illegal.  Plaintiff is given time to supplement his complaint to describe illegal acts by each named defendant, or show cause why this action should not be dismissed against any defendant whose personal participation in unconstitutional acts is not alleged.

Plaintiff's request in his complaint that the court waive the requirement that he provide copies of the complaint and all materials filed by him to each named defendant is denied.  Hand-written copies are acceptable.  Plaintiff may amend his complaint to

---

[2]  For example, Ms. Cooper is alleged to be the hearing officer who found Mr. Kehoe not guilty of the disciplinary charge.

8

name only those defendants who actually participated in the events he claims violated his federal constitutional rights.

**STATE LAW CLAIMS**

Alleged violations of state law do not state a claim of federal constitutional violation and are not a proper basis for a federal civil rights complaint.  Thus, plaintiff's claims that the Kansas constitution, statutes or regulations have been violated do not entitle him to relief under Section 1983.  Plaintiff asks this court to accept supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. 1367.  However, none of his claims of torts or actions under state law (such as for assault and battery, mistreatment of a confined person, fraud, and perjury) are supported by sufficient factual allegations.  For example, plaintiff's claims of malicious prosecution and abuse of process are not supported by any facts indicating he has been criminally prosecuted.  Plaintiff is given time to show cause why his claims based on state law should not be dismissed.

**CLAIMS AGAINST LSFP**

Plaintiff's claims of breach of contract and legal malpractice also fail to state a claim under the federal civil rights statute and do not appear to have factual or legal merit.  Thus, plaintiff fails to state a claim against the attorneys for the LSFP. Plaintiff does not assert a denial of access to the courts claim, and does not allege facts to support such a claim.  Plaintiff is given time to show cause why his claims against the LSFP attorneys should not be dismissed.

Plaintiff is given thirty (30) days in which to file supplemental materials to show he has fully exhausted all available administrative remedies on each of his claims, personal participation by each named defendant, and why this action should not be dismissed for failure to state a claim as discussed herein. If plaintiff fails to file a timely response, this action may be dismissed without further notice.

Plaintiff's request in his complaint for appointment of counsel is denied, but without prejudice to his filing a motion for appointment of counsel at a later stage in these proceedings. Plaintiff appears to be capable of presenting his claims, and has no right to appointment of counsel in this civil rights action.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to file supplemental materials showing he has fully and totally exhausted the available administrative remedies and to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge