IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOHN W. KEHOE,

                            Plaintiff,

               v.                          CASE NO.  06-3264-SAC

CO I DAVID BAKER,
et al.,

                            Defendants.

                         O R D E R

          This civil rights complaint was filed pursuant to 42 U.S.C.
1983 by an inmate of the El Dorado Correctional Facility, El
Dorado, Kansas (ECF).  On October 4, 2006, this court issued a
Memorandum and Order, upon screening of the complaint, giving
plaintiff time to show cause why the complaint or portions thereof
should not be dismissed for the reasons stated[1].  Plaintiff has
responded to that Memorandum and Order.  However, before this
action may proceed, plaintiff must satisfy the district court
filing fee for this civil rights action of $350.00.  Accordingly,

---

[1]
          Prisoners are required by statute to exhaust prison grievance procedures before filing suit.
See 42 U.S.C. § 1997e(a); Jones v. Bock, ___S.Ct.___, 2007 WL 135890, at *3-4 (Jan. 22, 2007).
A portion of the court's prior screening order required plaintiff to show exhaustion of administrative
remedies or suffer dismissal of this action.  The prior order was entered at a time when courts within
the Tenth Circuit held that exhaustion was a pleading requirement with the burden of showing total
exhaustion falling upon the prisoner.  See e.g., Stelle v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209
(10th Cir. 2003).  However, since entry of the court's prior order in this case, the Supreme Court in
Jones held that exhaustion is an affirmative defense the defendant must plead and prove, and that
failure to exhaust some claims does not necessarily result in dismissal.  See Jones, 2007 WL 135890,
at *11.  In accord with Jones, this court will not dismiss this action based upon failure to exhaust or
lack of total exhaustion.  However, in its prior order the court also pointed out other deficiencies in
the complaint, and those will be considered along with plaintiff's filings in response thereto only
after the part filing fee assessed in this order is submitted.
          Prior to Jones, this court delayed imposition of the filing fee until it was determined the case
would not be dismissed for failure to exhaust administrative remedies prior to filing.  The prisoner
was thus saved from having to pay the filing fee when it was clear his or her action could not
proceed beyond screening, but might be re-filed after exhaustion.  That course is no longer available

the matter is currently before the court upon plaintiff's motion for leave to proceed without prepayment of fees (Doc. 2), and his second request for appointment of counsel (Doc. 4).

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has provided an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $35.54 and the average monthly balance is $295.51. The court therefore assesses an initial partial filing fee of $59.00, twenty percent of the average monthly balance, rounded to the lower half dollar[2]. Plaintiff shall be given thirty (30) days to pay the assessed fee. If Mr. Kehoe fails to pay the fee within that time this action may be dismissed without further notice.

Plaintiff's second motion for appointment of counsel on the last page of Document 4 is denied, without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit an initial partial filing fee of $59.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required

---

[2]
    Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's second request for appointment of counsel (Doc. 4) is denied, without prejudice.

Copies of this Order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge